UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FRANCIS D. SHERMAN,                 :
                                    :
        Petitioner,                 :   Civ. No. 19-7646 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN SCOTT YOUNG,                 :
                                    :
        Respondent.                 :
_____ :

APPEARANCES:

John Andrew Ruymann, Civil Division Chief
John Tudor Stinson , Jr., Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, NJ 08608
    Attorneys for Respondent

Francis D. Sherman
10856-026
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Francis D. Sherman, a prisoner presently confined at FCI Fairton, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that his 2011 guilty plea and sentence are invalid.  ECF No. 1.  He has also filed a motion for a preliminary injunction asking the Court to order the mailroom at FCI Fairton to stop applying its new general mail policy to mail from this Court and to treat

such mail as legal mail. ECF No. 20. The United States opposes the motion. ECF No. 22.

Respondent United States filed a Motion to Dismiss arguing that the Petition should be dismissed for lack of jurisdiction. ECF No. 14. Petitioner opposes the motion to dismiss. ECF No. 13. The Motion is now ripe for disposition. For the reasons that follow, the Court will grant the motion to dismiss. Petitioner's motion is denied.

I. BACKGROUND

On August 3, 2011, Petitioner pleaded guilty in the United States District Court for the Western District of Virginia to interstate transportation of a motor vehicle, 18 U.S.C. § 2312; and access device fraud, 18 U.S.C. § 1029. Plea Agreement, United States v. Sherman, No. 1:10-cr-00039 (W.D. Va. Aug. 3, 2011) (ECF No. 78).[1] In exchange, the United States agreed to dismiss the first count of the superseding indictment charging Petitioner with failing to update his Sex Offender and Notification Act ("SORNA") registration, 18 U.S.C. § 2250. Id. at 2. The agreement also contained a waiver of Petitioner's appellate rights and right to file a collateral attack, except on ineffective assistance of counsel grounds. Id. at 7. He received a sentence of 144 months with three years of supervised

---

[1] The Court takes judicial notice of the public records of Petitioner's criminal case.

2

release.  Judgment of Conviction, Sherman, No. 1:10-cr-00039 (W.D. Va. Feb. 10, 2012) (ECF No. 131).

Petitioner filed a motion to withdraw his guilty plea at the conclusion of the sentencing hearing on February 8, 2012. He argued he was denied the effective assistance of counsel and that the plea agreement was flawed.  Motion to Withdraw Guilty Plea, Sherman, No. 1:10-cr-00039 (W.D. Va. Feb. 8, 2012) (ECF No. 127); ECF No. 12-2 at 6.  The sentencing court denied the motion.  Order, Sherman, No. 1:10-cr-00039 (W.D. Va. Feb. 8, 2012) (ECF No. 128).  The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal as barred by the waiver provision in his plea agreement.  Order, United States v. Sherman, No. 12-4114 (4th Cir. Nov. 6, 2012) (ECF No. 42).

Following the dismissal of his direct appeal, Petitioner filed a motion under 28 U.S.C. § 2255, Sherman, No. 1:10-cr-00039 (W.D. Va. Apr. 23, 2013) (ECF No. 158); and a motion to file a second or successive motion under § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), In re: Francis Sherman, No. 16-792 (4th Cir. June 6, 2016).  Both of these attempts to vacate his convictions and sentence were denied.  This § 2241 petition followed.

Respondent United States now moves to dismiss the petition based on a lack of jurisdiction under § 2241.  ECF No. 12.  It

3

argues the petition raises claims that were already decided in prior actions and that Petitioner does not qualify for the savings clause of § 2255(e) for his argument that his previous convictions no longer qualify as violent felonies. Petitioner opposes the motion. ECF No. 13.

Petitioner has also filed a motion for a preliminary injunction asking the Court to order FCI Fairton to stop processing mail from this Court as "general mail." ECF No. 20.

## II. DISCUSSION

### A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d

578, 586 (3d Cir. 2002) (internal quotation marks omitted). The decision to grant a preliminary injunction is within the sound discretion of the district court. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see, e.g., Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331, 1334 (Fed. Cir. 2006); Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001).

    B.  Analysis

    1.  Jurisdiction under § 2241

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner asserts this Court should exercise jurisdiction over the merits of the petition because "petitioner was sentence was based on conviction was not predicate offence was dismissed as part of plea agreement [sic]." ECF No. 1 at 15. He also somewhat disjointly argues that he received ineffective assistance of counsel, the indictment was defectively vague, the waiver of his appellate rights violated due process, and his prior convictions do not qualify as violent felonies under Mathis v. United States, 136 S. Ct. 2243 (2016). Id. at 15-18; see also ECF No. 16 (arguing indictment was defective); ECF No. 17 (arguing due process violations in sentencing).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). The petition contains several arguments that were addressed by the sentencing court and Fourth Circuit in Petitioner's prior filings, e.g., that his counsel was ineffective and that the indictment was defective. See United States v. Sherman, No. 1:10-cr-00039, 2014 WL 550553, at *2 (W.D. Va. Feb. 11, 2014) (reviewing arguments raised in § 2255 motion). Lack of success in those courts does not mean that § 2255 is inadequate or ineffective. See Cradle, 290 F.3d at 539

("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ."). See also Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam) (sentencing court's prior denial of identical claims does not render § 2255 remedy "inadequate or ineffective").

Petitioner cites to Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) as support for this Court's jurisdiction, but it has little relevance to Petitioner's case. In Cardona, the Third Circuit held that an inmate could not use § 2241 to file his complaint that he was placed in the Special Management Unit as punishment for filing numerous lawsuits against the Bureau of Prisons ("BOP") because it was not a challenge to the execution of his sentence. "In order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537.

Cardona discusses whether a claim should be brought in a habeas action or in a civil rights action, but that is not the issue presented by the current petition. To the extent Plaintiff has cognizable claims, there is no question that they fall within the "'core of habeas' — the validity of the continued conviction or the fact or length of the sentence . . . ." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). The Court need not decide whether Petitioner needed to file a habeas

7

petition or a civil rights action, but whether he needed to file his habeas petition under § 2241 or § 2255. Cardona does not help Petitioner's argument for jurisdiction.

To the extent Petitioner brings a challenge under Mathis to the use of his prior convictions to enhance his sentence, the Third Circuit has not addressed whether prisoners may challenge career-offender enhancements using § 2241. See Murray v. Warden Fairton FCI, 710 F. App'x 518, 520 (3d Cir. 2018) (per curiam) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions."); Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018) (citing United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015)).

So far, prisoners may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim

was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

Petitioner does not argue that he is actually innocent of the auto theft and credit card fraud charges to which he pled guilty. He also either previously raised his other challenges in the sentencing court and Fourth Circuit or he had the opportunity to do so. Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Fourth Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit as it does not appear that he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as

9

prohibiting Petitioner from seeking the Fourth Circuit's permission to file on his own should he so choose.

2. Preliminary Injunction

Petitioner asks this Court to enter a preliminary injunction ordering FCI Fairton to treat mail from this Court as "legal mail" and not apply the new "general mail" procedures. ECF No. 20. Petitioner submitted a memorandum signed by FCI Fairton Acting Warden J.L. Jaimson informing the inmates that "new procedures were implemented pertaining to the way the Mail Room screens and processes incoming inmate mail." Id. at 16. "[A]ny institution which chooses to open, examine, or censor mail, is authorized to do so pursuant to the United States Postal Service Administrative Support Manual, Section 2740.96. This includes the destruction of mail." Id. According to the new policy, "general correspondence will be screened, photocopied, and destroyed after a period of no less than 30 calendar days. Inmates will receive a photo copy of the general correspondence to include the content within the envelope/packaging material as well the envelope/packaging material itself." Id. Legal mail is excluded from this process. Id.

According to Petitioner, the mailroom at FCI Fairton concluded that several pieces of mail from this Court and the Third Circuit did not meet the BOP's criteria for legal mail.

10

Id. at 4. He states he has received mail from the courts that were missing pages and were opened outside of his presence.

In order to obtain a preliminary injunction, the requesting party must show: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017). The movant bears the burden of showing that the injunction sought should be issued. Id. "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." Id. The United States argues Petitioner failed to exhaust his administrative remedies concerning the application of the policy and that the Court should not address the policy through a § 2241 petition. ECF No. 22.

The Court lacks jurisdiction over Petitioner's § 2241 petition and must dismiss it. Therefore, Petitioner has not shown a likelihood of success on the merits. Petitioner also has not shown that he will be irreparably injured if the Court does not grant the injunction. Petitioner may file a civil rights action challenging the policy, providing he has otherwise

11

complied with the Prison Litigation Reform Act, but his challenge to the policy cannot proceed in this habeas case.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction the Petition brought pursuant to 28 U.S.C. § 2241 will be granted. Petitioner's motion for a preliminary injunction is denied. An appropriate order will be entered.

Dated: March 6, 2020            s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.